UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL JONAH STAMPER,

        Petitioner,

v.                                   CASE NO. 05-CV-72833-DT
                                  HONORABLE DENISE PAGE HOOD

JERI-ANN SHERRY,

        Respondent.
_____/

## OPINION AND ORDER DENYING PETITION
## FOR WRIT OF HABEAS CORPUS

**I.**    **Introduction**

Michael Jonah Stamper ("Petitioner"), a state prisoner presently confined at the Chippewa Correctional Facility in Kincheloe, Michigan, has filed a *pro se* petition for writ of habeas corpus asserting that he is being held in violation of his constitutional rights. Petitioner pleaded guilty to second-degree murder, conspiracy to rob while armed, disinterment and mutilation of a dead body, felon in possession of a firearm, and possession of a firearm during the commission of a felony in the Wayne County Circuit Court in 2002. He was sentenced to concurrent terms of 60 to 80 years imprisonment on the murder and conspiracy convictions, a concurrent term of 2 to 10 years imprisonment on the disinterment conviction, a concurrent term of 1 ½ to 5 years imprisonment on the felon in possession conviction, and a consecutive term of 2 years imprisonment on the felony firearm conviction in 2003. In his pleadings, Petitioner raises claims concerning the trial court's refusal to allow him to withdraw his plea based upon a

1

claim of insanity and the effectiveness of defense counsel. For the reasons set forth below, the Court denies the petition for writ of habeas corpus.

**II.     Facts and Procedural History**

Petitioner's convictions arise from the shooting death of Francisco Orozco during a drug robbery in Detroit, Michigan on July 11, 2002. The record reveals that Petitioner and a man named Mike Torres arranged to meet with Francisco Orozco for a drug transaction with the intent to rob him. When Orozco came to a house on 1044 Morrell Street as planned, Petitioner shot him four times and took four ounces of cocaine from him. A few days later, Petitioner and Torres cut up Orozco's body with a saw, wrapped it in plastic bags, and put it in a dryer.

Petitioner was charged with first-degree murder under theories of premeditated and felony murder, conspiracy to rob while armed, disinterment and mutilation of a dead body, felon in possession of a firearm, and felony firearm, and with being a habitual offender. On December 9, 2002, he pleaded guilty to the lesser offense of second-degree murder, as well as the remaining charges, in exchange for dismissal of the first-degree murder charge and a sentence agreement. Petitioner also agreed to provide a truthful statement about the murder to prosecuting officials and to testify against Mike Torres. Petitioner indicated that he had consulted with counsel, that he understood the terms of the plea agreement, and that his plea was the product of his own free will. Petitioner was sentenced on January 8, 2003 in accordance with the plea agreement.

Following sentencing, Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals raising several claims of error including those raised in his present petition. The Michigan Court of Appeals denied the application for lack of merit in the grounds

presented, but remanded to the sentencing court for re-sentencing on two counts. *People v. Stamper*, No. 253136 (Mich. Ct. App. March 1, 2004). Petitioner filed an application for leave to appeal with the Michigan Supreme Court raising the same claims, which was denied. *People v. Stamper*, 471 Mich. 899, 688 N.W.2d 88 (2004).

Petitioner thereafter filed the present habeas petition, asserting that: (1) the trial court abused its discretion in denying him an opportunity to withdraw his guilty plea prior to sentencing despite an abundance of record support for his claim of insanity, and (2) that the plea convictions should be set aside because of ineffective assistance of counsel. Respondent has filed an answer to the petition contending that it should be denied for lack of merit.

### III.   Analysis

#### A.   Standard of Review

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, govern this case because Petitioner filed his habeas petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

3

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002). "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. However, "[i]n order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409.

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams*, 529 U.S. at 412; *see also Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). Section 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16. While the requirements of "clearly established law" are to be determined solely by the holdings

4

of the Supreme Court, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue. *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

Lastly, a state court's factual determinations are entitled to a presumption of correctness on federal habeas review. *See* 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption with clear and convincing evidence. *See Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

In this case, the Michigan Court of Appeals denied leave to appeal for "lack of merit in the grounds presented," but did not specifically address Petitioner's claims, and the Michigan Supreme Court denied leave to appeal without discussing the substance of those claims. Accordingly, this Court must conduct an independent review of the state court's decision. *See, e.g., Harris v. Stovall*, 212 F.3d 940, 943 (6th Cir. 2000). This independent review requires the federal court to "review the record and applicable law to determine whether the state court decision is contrary to federal law, unreasonably applies clearly established law, or is based on an unreasonable determination of the facts in light of the evidence presented." *Id*. at 943. This independent review "is not a full, de novo review of the claims, but remains deferential because the court cannot grant relief unless the state court's result is not in keeping with the strictures of the AEDPA." *Id*.

### B. Plea Withdrawal Claim

Petitioner first claims that he is entitled to habeas relief because the trial court failed to allow him to withdraw his plea based upon a claim of insanity and a request for a psychiatric evaluation. Petitioner essentially claims that the trial court violated state law in denying his plea withdrawal and evidentiary hearing requests. However, a state court's alleged failure to

5

properly apply state law or its own procedural rules, even if well-established, is not cognizable on federal habeas review.  This Court's power to grant a writ of habeas corpus only extends to errors in the application of federal law.  *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1975).  Habeas relief is unavailable for errors of state law and a federal court will not review a state court's decision on a matter of state law.  *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Long v. Smith*, 663 F.2d 18 (6th Cir. 1981).  To the extent that Petitioner asserts that the trial court violated state law in denying his plea withdrawal request, he is not entitled to relief from this Court.

When a petitioner is convicted as a result of a plea, habeas review is limited to whether the plea was made voluntarily, intelligently, and knowingly.  *See United States v. Broce*, 488 U.S. 563 (1989); *Boykin v. Alabama*, 395 U.S. 238 (1969).  A plea is voluntary if it is not induced by threats or misrepresentations and the defendant is made aware of the direct consequences of the plea.  *See Brady v. United States*, 397 U.S. 742, 755 (1970).  The voluntariness of a plea "can be determined only by considering all of the relevant circumstances surrounding it."  *Id.* at 749.  The plea is intelligent and knowing where there is nothing to indicate that the defendant is incompetent or otherwise not in control of his or her mental faculties, is aware of the nature of the charges, and is advised by competent counsel.  *Id.* at 756.  The plea must be made "with sufficient awareness of the relevant circumstances and likely consequences."  *Id.* at 748.

In this case, the state court record reveals that Petitioner's plea was knowing and voluntary.  At the time of his plea, Petitioner was 25 years old and had earned his GED.  He had prior experience with the criminal justice system.  While he has a history of substance abuse

and mental health problems, there is no indication in the record that those conditions impaired his ability to understand his criminal proceedings or the nature of his plea. Petitioner responded appropriately to the court's questions and recited a factual basis for his plea indicating that he and his cohort planned to rob the victim, that Petitioner shot him during the robbery, and that they later cut up the victim's body and hid it in a dryer. Petitioner was represented by legal counsel and conferred with counsel during the plea process. The trial court advised Petitioner of his trial rights and the fact that he would be giving up those rights by pleading guilty. The court discussed the plea agreement and informed Petitioner of the maximum sentences he faced for each conviction. Petitioner indicated that he was pleading guilty of his own free will and had not been coerced or threatened. He also indicated that no promises, other than those contained in the plea agreement, had been made to him to induce him to tender his plea. Having carefully reviewed the record, the Court is satisfied that Petitioner's guilty plea was knowing, intelligent, and voluntary.

Petitioner also asserts that he is entitled to habeas relief because the trial court failed to inquire into his competency. It is well-established as a matter of federal constitutional law that a criminal defendant may not be tried unless he is competent. *See Godinez v. Moran*, 509 U.S. 389, 396 (1993). The standard for competence to plead guilty or be sentenced is the same as the standard for competence to stand trial: whether the defendant has (1) sufficient present ability to consult with a lawyer and (2) a rational and factual understanding of the proceedings against him. *Id.* at 396-98. Due process is violated by a trial court's failure to hold a proper competency hearing where there is substantial evidence of a defendant's incompetency. *See Pate v. Robinson*, 383 U.S. 375, 385-86 (1966). The question for a reviewing court in such a

case is whether a reasonable judge, situated as was the trial court judge, should have experienced a "bona fide doubt" about the defendant's competency. *See Warren v. Lewis*, 365 F.3d 529, 533 (6th Cir. 2004) (citing *Drope v. Missouri*, 420 U.S. 162, 173 (1975)); *see also Mackey v. Dutton*, 217 F.3d 399, 413-14 (6th Cir. 2000).

Having reviewed the record, this Court concludes that a reasonable judge sitting in the trial judge's place would not have experienced a bona fide doubt as to Petitioner's competency at the time of his guilty plea or sentence. While Petitioner has a history of substance abuse and mental health issues and treatment, the record is devoid of evidence that he was unable to consult with defense counsel or have a proper understanding of the criminal proceedings against him. To the contrary, the state court record indicates that Petitioner had prior contacts with the criminal justice system, entered into a plea agreement on the advice of counsel, agreed to cooperate with the authorities, and clearly set forth the factual basis for his plea. Petitioner was 25 years old, had a GED, was in a relationship with a woman, and was the father of five children with twins expected at the time of the proceedings. Petitioner also indicated that he understood the proceedings and the plea agreement and that his plea was voluntary. Given these circumstances, Petitioner has not established that the trial court violated his constitutional rights by failing to order a psychiatric evaluation or conduct a competency hearing.

Furthermore, Petitioner has not presented sufficient facts to create a real and substantial doubt as to his competency so as to warrant an evidentiary hearing, *see Thirkield v. Pitcher*, 199 F. Supp. 2d 637, 653 (E.D. Mich. 2002) (citing cases), or other relief from this Court. While the documents attached to his complaint reveal a history of mental health issues and treatment, they do not indicate that Petitioner was legally insane at the time of the offense or that he was

incompetent at the time of his plea or sentence. Conclusory allegations, without evidentiary support, do not provide a basis for habeas relief. *See, e.g., Workman v. Bell*, 160 F.3d 276, 287 (6th Cir. 1998) (conclusory allegations of ineffective assistance of counsel do not warrant habeas relief). Petitioner is not entitled to habeas relief on this claim.

### C. Ineffective Assistance of Counsel Claim

Petitioner next asserts that he is entitled to habeas relief because defense counsel was ineffective for failing to pursue an insanity defense or to use mental illness in mitigation of sentence. The United States Supreme Court has set forth a two-part test for evaluating the claim of a habeas petitioner who is challenging a plea on the ground that he was denied his Sixth Amendment right to the effective assistance of counsel. First, the petitioner must establish that "counsel's representation fell below an objective standard of reasonableness." *Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985) (quoting *Strickland v. Washington*, 466 U.S. 668, 688 (1984)). To demonstrate that counsel's performance fell below this standard, a petitioner must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

Second, if the petitioner satisfies the first prong of this test, the petitioner must then demonstrate that counsel's performance resulted in prejudice, *i.e.*, "that there is a reasonable probability that, but for counsel's errors, [he] would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59. The Supreme Court has explained that "[i]n many guilty plea cases, the 'prejudice' inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through a trial." *Id*. The Court has also emphasized that "these predictions of the outcome at a possible trial, where

necessary, should be made objectively, without regard for the 'idiosyncracies of the particular decisionmaker.'" *Id.* at 59-60 (quoting *Strickland*, 466 U.S. at 695).

Petitioner first asserts that defense counsel was ineffective for failing to investigate an insanity defense and take related action during the pre-plea period. Claims about the deprivation of constitutional rights that occur before the entry of a guilty plea, however, are foreclosed by that plea. *See United States v. Broce*, 488 U.S. 563, 569 (1989); *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). The United States Supreme Court has explained:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within [constitutional standards].

*Tollett*, 411 U.S. at 267. Simply stated, a defendant who pleads guilty generally waives any non-jurisdictional claims that arose before his plea. In such a case, the Court's inquiry is limited to whether the plea was knowing, intelligent, and voluntary. *See Broce*, 488 U.S. at 569. Accordingly, Petitioner's claim that defense counsel was ineffective for failing to investigate an insanity defense or failing to order a psychiatric examination before trial is foreclosed by his plea and Petitioner is not entitled to relief on such a basis.

Petitioner also seems to assert that defense counsel was ineffective for advising him to plead guilty rather than pursuing an insanity defense and related competency issues. It is true that defense counsel has a duty to conduct a reasonable investigation into the facts of a defendant's case, or to make a reasonable determination that such investigation is unnecessary. *See Strickland*, 466 U.S. at 690-91; *Lundgren v. Mitchell*, 440 F.3d 754, 771 (6th Cir. 2006);

*O'Hara v. Wiggington*, 24 F.3d 823, 828 (6th Cir. 1994) (failure to investigate, especially as to key evidence, must be supported by a reasoned and deliberate determination that investigation was not warranted). Petitioner, however, has not established that defense counsel's performance in advising him to plead guilty was deficient. Petitioner admits that counsel visited him in the mental health unit of the Wayne County Jail and that they discussed Petitioner's mental health history. Having consulted with Petitioner, counsel may have reasonably determined that Petitioner was competent, *see discussion supra*, and that an insanity defense would be unsuccessful at trial. Such a conclusion is buttressed by the fact that Petitioner was able to intelligently discuss the charges and the circumstances of the crime with defense counsel, the prosecutor, and the court. *See, e.g., Jones v. Page*, 76 F.3d 831, 842-43 (7th Cir. 1996); *Weeks v. Jones*, 26 F.3d 1030, 1041-42 (11th Cir. 1994); *Bowers v. Battles*, 568 F.2d 1, 5-6 (6th Cir. 1977). Counsel's strategy in pursuing a plea agreement and foregoing other avenues of defense was reasonable given the nature of the case, the shooting of a man during the course of a planned robbery involving cocaine and the subsequent attempt to dispose of the victim's body. Further, Petitioner did not have a good defense to the charges. Under Michigan law, a criminal defendant has the burden of proving the affirmative defense of insanity by a preponderance of the evidence. *See* MICH. COMP. LAWS § 768.21a; *People v. Mette*, 243 Mich. App. 318, 326-28 (2000). To establish such a defense, the defendant must show that, at the time of the offense, he had a mental illness or was mentally retarded and that, as a result, he lacked the substantial capacity either to appreciate the nature and quality or the wrongfulness of his conduct or conform his conduct to the requirements of the law. MICH. COMP. LAWS § 768.21a(1); *People v. Carpenter*, 464 Mich. 223, 230-231 (2001). There is no

evidence in the record that Petitioner is mentally retarded or that he was experiencing mental illness symptoms which prevented him from understanding the nature or wrongfulness of his conduct or from conforming his conduct to the law.  Petitioner's own statements indicate that he planned the robbery with Mike Torres, that he shot the victim because they argued and he thought the victim was reaching for a gun, and that they subsequently attempted to dispose of the body.  Petitioner has not submitted any reports indicating that an insanity defense was viable or would have prevailed at trial.  The mere fact that he may suffer from bipolar disorder and paranoid schizophrenia, which is treated with medication, does not mean that he was legally insane at the time of the offense.  Also, Michigan law does not recognize a diminished capacity defense.  *See Carpenter*, 464 Mich. at 239-41.  Petitioner has failed to show that defense counsel erred or acted unreasonably in advising him to accept the plea agreement in this case.

Further, Petitioner has not established that, but for defense counsel's alleged errors, there is a reasonable probability that he would not have pleaded guilty and insisted on going to trial.  *See Hill*, 474 U.S. at 58-59.  By entering a plea, Petitioner reduced the first-degree murder charge against him to second-degree murder.  This reduced his maximum sentencing exposure from life imprisonment without the possibility of parole to a term of years with the possibility of parole.  The matters which he believes should have been further investigated by counsel do not establish his innocence nor cast doubt upon the reliability of the proceedings.  Under such circumstances, Petitioner cannot prevail on his ineffective assistance of counsel claim.

Lastly, Petitioner asserts that defense counsel was ineffective for failing to argue his mental health issues as a mitigating factor for sentencing purposes.  Petitioner, however, was sentenced in accordance with his plea agreement.  Furthermore, the record clearly indicates that

the trial court was aware of Petitioner's background, his substance abuse, and his mental health issues at the time of sentencing since such matters were included in the pre-sentence report. Thus, even if counsel could be said to have erred in this regard, Petitioner cannot establish that he was prejudiced by counsel's conduct. Habeas relief is not warranted on this claim.

### IV.     Conclusion

For the reasons stated, the Court concludes that Petitioner is not entitled to habeas relief on the claims contained in his petition. Accordingly, the Court **DENIES WITH PREJUDICE** the petition for writ of habeas corpus.

**IT IS SO ORDERED**.

s/ DENISE PAGE HOOD
DENISE PAGE HOOD
UNITED STATES DISTRICT JUDGE

DATED: April 23, 2007


I hereby certify that a copy of the foregoing document was served upon Michael J. Stamper, #440907, Chippewa Correctional Facility, 4269 W. M-80, Kincheloe, MI 49784 and counsel of record on April 23, 2007, by electronic and/or ordinary mail.

s/William F. Lewis
Case Manager